UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X

| | | |
|---|---|---|
| KRISTEN PIERSON | : | 1:19-CV-00397 |
| Plaintiff, | : | **DEFENDANT FACEBOOK, INC'S ANSWER TO COMPLAINT** |
| v. | : | |
| FACEBOOK, INC, | : | |
| Defendant. | : | |
| | : | |

------------------------------------------------------X

Defendant Facebook, Inc., ("Defendant" or "Facebook"), by its attorneys, Dorsey & Whitney, LLP, as and for its response to Plaintiff Kristen Pierson's ("Plaintiff" or "Pierson") complaint (the "Complaint"), responds as follows:

## I. NATURE OF THE ACTION

1. Defendant admits that Plaintiff's Complaint is purportedly brought under Section 501 of the Copyright Act. Defendant denies the remaining allegations in Paragraph 1 of the Complaint and denies that Plaintiff is entitled to any of the relief sought.

## II. JURISDICTION AND VENUE

2. Paragraph 2 of the Complaint states a legal conclusion and therefore does not require an answer. To the extent an answer is required, Defendant admits that Plaintiff has brought her claims under the Copyright Act and that this Court has jurisdiction. Defendant denies all remaining allegations in Paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint states a legal conclusion and therefore does not require an answer. To the extent an answer is required, Defendant admits that Defendant has an office located at 770 Broadway, New York, NY, and denies all remaining allegations in Paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint states a legal conclusion and therefore does not require an answer.

### III.   PARTIES

5. Defendant lacks information sufficient to form an opinion as to the truth of the allegations in Paragraph 5 of the Complaint, and on that basis denies them.

6. Defendant admits the allegations in Paragraph 6 of the Complaint.

### IV.   STATEMENT OF FACTS

#### A.   Plaintiff's Purported Ownership of the Photograph

7. Defendant lacks information sufficient to form an opinion as to the truth of the allegations in Paragraph 7 of the Complaint, and on that basis denies them.

8. Defendant lacks information sufficient to form an opinion as to the truth of the allegations in Paragraph 8 of the Complaint, and on that basis denies them.

9. Defendant admits that the United States Copyright Office issued a certificate of copyright registration numbered VA 1-926-344. Defendant lacks information sufficient to form an opinion as to the truth of the remaining allegations in Paragraph 9 of the Complaint, and on that basis denies them.

#### B.   Allegations Against Defendant

10. Defendant admits that Plaintiff contacted Defendant's designated DMCA agent by e-mail on March 6, 2018 requesting removal of a photograph from specific URLs. To the extent that the allegations of Paragraph 10 of the Complaint seek to paraphrase or characterize the

contents of Exhibit B, the document speaks for itself.  Defendant denies any and all remaining allegations in Paragraph 10 of the Complaint, whether express or implied.

11. To the extent that the allegations of Paragraph 11 of the Complaint seek to paraphrase or characterize the contents of Exhibit C, the document speaks for itself.  Defendant denies any and all remaining allegations in Paragraph 11 of the Complaint, whether express or implied.

12. To the extent that the allegations of Paragraph 12 of the Complaint seek to characterize the contents of Exhibit D, the document speaks for itself.  Defendant denies any and all remaining allegations in Paragraph 12 of the Complaint, whether express or implied.

13. Defendant lacks information sufficient to form an opinion as to the truth of the allegations in Paragraph 13 of the Complaint, and on that basis denies them.

14. Paragraph 14 of the Complaint states a legal conclusion and therefore does not require an answer.  To the extent an answer is required, Defendant denies the allegations in Paragraph 14 of the Complaint.

15. Paragraph 15 of the Complaint states a legal conclusion and therefore does not require an answer.  To the extent an answer is required, Defendant denies the allegations in Paragraph 15 of the Complaint.

## V.   CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT AGAINST DEFENDANT
## (17 U.S.C. §§ 106, 501)

16. Defendant incorporates by reference its answers to all of the preceding allegations, as if fully set forth herein.

17. Defendant denies the allegations in Paragraph 17 of the Complaint.

18. Defendant denies the allegations in Paragraph 18 of the Complaint.

19. Defendant denies the allegations in Paragraph 19 of the Complaint.

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Defendant denies the allegations in Paragraph 22 of the Complaint.

23. Defendant denies the allegations in Paragraph 23 of the Complaint.

## VI.   PRAYER FOR RELIEF

Plaintiff's Prayer for Relief is a request for relief, not an allegation, and therefore does not require an answer. To the extent an answer is required, Defendant denies any and all allegations contained therein, and specifically denies that Plaintiff has been damaged by Defendant in any manner or amount, and denies that Plaintiff is entitled to the requested relief.

## VII.   DEFENDANT'S AFFIRMATIVE DEFENSES

By way of further answer to the Complaint and affirmative defense, Defendant hereby denies any and all allegations not specifically admitted herein, and states the following as its Affirmative Defenses to the cause of action alleged in the Complaint:

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Claim for Relief)**

Plaintiff's claims are barred, in whole or in part, for failure to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**
**(Failure to Register Copyright)**

Plaintiff's claims are barred, in whole or in part, because she lacks a valid copyright registration for the intellectual property rights asserted, or has not properly or timely registered the work.

### THIRD AFFIRMATIVE DEFENSE
### (Lack of Ownership)

Plaintiff's claims are barred, in whole or in part, because Plaintiff does not own the work of authorship or rights associated with it that form the subject of the claims for relief.

### FOURTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

Plaintiff's claims are barred, in whole or in part, because the work of authorship that forms the subject of the claims for relief is not original to Plaintiff and, therefore, Plaintiff lacks standing to pursue these claims.

### FIFTH AFFIRMATIVE DEFENSE
### (No Basis for an Injunction)

Plaintiff's claims to injunctive relief are barred, in whole or in part, because (1) Plaintiff is not likely to prevail on the merits; (2) Plaintiff has not suffered and will not suffer irreparable harm because of any conduct by Defendant; and (3) Plaintiff has an adequate remedy at law for her alleged injury.

### SIXTH AFFIRMATIVE DEFENSE
### (Non-Infringement of Copyright)

Plaintiff's claims are barred, in whole or in part, because Defendant is not infringing and has not in the past infringed any of the Plaintiff's copyrights.

### SEVENTH AFFIRMATIVE DEFENSE
### (No Contributory Infringement of Copyright)

Plaintiff's claims are barred, in whole or in part, because Defendant is not and has not in the past induced, caused, or materially contributed to any act that constitutes infringement of any of the Plaintiff's copyrights.

### EIGHTH AFFIRMATIVE DEFENSE
### (No Willful Infringement)

Plaintiff's claims to enhanced damages and an award of fees and costs against Defendant are barred because they have no basis in fact or law.

### NINTH AFFIRMATIVE DEFENSE
### (Copyright Fair Use)

Plaintiff's claims are barred, in whole or in part, because the alleged violations of Plaintiff's copyright by Defendant are *de minimis*, nominative, and/or fair uses permitted under law.

### TENTH AFFIRMATIVE DEFENSE
### (Invalid or Unenforceable Copyrights)

Plaintiff's claims are barred, in whole or in part, because Plaintiff's copyrights are invalid and/or unenforceable, including by reason of lack of originality and lack of copyrightable subject matter.

### ELEVENTH AFFIRMATIVE DEFENSE
### (DMCA Protection from Suit)

Plaintiff's claims are barred, in whole or in part, pursuant to protections provided to service providers under the DMCA.

### TWELFTH AFFIRMATIVE DEFENSE
### (Misconduct of Others)

Plaintiff's claims are barred, in whole or in part, because Defendant is not liable for the alleged misconduct of others and because any alleged damages were caused by the fault or wrongdoing of other parties, not Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Reservation of Defenses)

Defendant reserves the right to supplement or amend this answer, including through the addition of further affirmative defenses, based upon the course of discovery and proceedings in this action, including but not limited to, equitable defenses such as laches, waiver, acquiescence, and unclean hands.

### VIII.   PRAYER FOR RELIEF

For all of the above reasons, Defendant respectfully prays that:

1. Plaintiff's Complaint be dismissed with prejudice;

2. Plaintiff takes nothing by its Complaint;

3. The Court award Defendant the cost of suit; and

4. Defendant be awarded with such other and further relief to which it may be justly entitled.

### IX.   DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury on all issues so triable.

Dated: New York, New York
April 8, 2019

**DORSEY & WHITNEY LLP**

*/s/ J. Michael Keyes*
J. MICHAEL KEYES (JK-6504)
BRIAN J. JANURA (*pro hac vice* pending)
Columbia Center
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
(206) 903-8800
keyes.mike@dorsey.com
janura.brian@dorsey.com

FARA S. SUNDERJI (FS-1208)
51 West 52nd Street
New York, NY 10019

        (212) 415-9200
        sunderji.fara@dorsey.com

        Attorneys for Defendant
        FACEBOOK, INC.

-9-

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon all counsel of record this 8th day of April, 2019 via the Court's CM/ECF system.

                                                    */s/ J. Michael Keyes*
                                                    J. Michael Keyes