UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KRISTEN PIERSON,

                                    Plaintiff,

          - against -

FACEBOOK, INC.

                                    Defendant.

Docket No. 1:19-cv-00397

JURY TRIAL DEMANDED

## AMENDED COMPLAINT

Plaintiff Kristen Pierson ("Pierson" or "Plaintiff") by and through her undersigned

counsel, as and for her Amended Complaint against Defendant Facebook, Inc.

("Facebook" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1.        This is an action for copyright infringement under Section 501 of the Copyright

Act. This action arises out of Defendant's unauthorized reproduction and public display of a

copyrighted photograph of American politician and Republican member of the Rhode Island

House of Representatives, Robert Nardolillo, owned and registered by Pierson, a professional

photographer. Accordingly, Pierson seeks monetary relief under the Copyright Act of the United

States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2.        This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court

has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.        This Court has personal jurisdiction over Defendant because Defendant resides in

and/or transacts business in New York.

4.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.     Pierson is a professional photographer in the business of licensing her photographs to online and print media for a fee having a usual place of business at 1550 Nooseneck Hill Road, #97, Coventry, Rhode Island 02816.

6.     Upon information and belief, Facebook is a foreign business corporation duly organized and existing under the laws of the State of Delaware, with a place of business 770 Broadway, New York, New York 10003.

7.     Upon information and belief Facebook is registered with the New York Department of State Division of Corporations to do business in the State of New York.

8.     At all times material, hereto, Facebook has owned and operated a website at the URL: www.Facebook.com (the "Website").

## STATEMENT OF FACTS

**A.     Background and Plaintiff's Ownership of the Photograph**

9.     Pierson photographed American politician and Republican member of the Rhode Island House of Representatives, Robert Nardolillo (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

10.     On or about July 16, 2014, Pierson published the Photograph on her commercial website.

11.     Pierson is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

12.     The Photograph was registered with the United States Copyright Office and was given registration number VA 1-926-344, with effective date of September 23, 2014.

**B.     Defendant's Infringing Activities**

13.     On or about February 27, 2018, Facebook displayed the Photograph on the

Website in connection with a descriptive article about Mr. Nardodillo. Attached as <u>Exhibit B</u> are true and correct copies of screenshots from Facebook's website showing the display of the Photograph.

14. On March 6, 2018, Pierson contacted Facebook's designated DCMA agent via e-mail to take down the Photograph from the Website. Attached as <u>Exhibit C</u> is a true and correct copy of an e-mail between Plaintiff and Defendant, dated March 6, 2018.

15. On March 7, 2018, Facebook's DMCA agent responded back to Pierson stating "Hi-, Thanks for your report. Based on the information you've provided, it is not clear that the content you've reported infringes your copyright. It appears that the content you reported is being used for the purposes of commentary or criticism. For this reason, we are unable to act on your report at this time." Attached as <u>Exhibit D</u> is a true and correct copy of an e-mail between Defendant and Plaintiff, dated March 7, 2018.

16. As of July 26, 2019, over six months after this lawsuit was filed, Facebook continues to display the Photograph on the Website. See <u>Exhibit B</u>.

17. Facebook did not license the Photograph from Plaintiff for its Website, nor did Facebook have Plaintiff's permission or consent to publish the Photograph on its Website.

18. Facebook did not comply with the DMCA procedure by taking the Photograph down at the copyright holder's request.

19. As a result, Facebook is not protected under the DMCA safe harbor as it failed to take down the Photograph from the Website.

20. Upon information and belief, at the time Facebook displayed the Photograph on the Website, there were other articles about Mr. Nardodillo featured on the Website which did not display the Photograph (or any other photograph of Mr. Nardodillo).

**<u>FIRST CLAIM FOR RELIEF</u>**
**(DIRECT COPYRIGHT INFRINGEMENT AGAINST DEFENDANT)**
**(17 U.S.C. §§ 106, 501)**

21. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-20 above.

22. Facebook infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website.

23. Facebook engaged in the volitional conduct necessary to establish direct infringement because it was promptly notified of the infringing conduct by the copyright holder and, in spite of its actual knowledge of the infringement, refused to takedown the Photograph even after this lawsuit was filed.

24. Facebook is not, and has never been, licensed or otherwise authorized to reproduce, publicly display, distribute and/or use the Photograph.

25. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

26. Upon information and belief, the foregoing acts of infringement by Defendant have been willful and/or in reckless disregard to Plaintiff's rights.

27. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

28. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

29. Plaintiff further is entitled to her attorney's fees and full costs pursuant to 17 U.S.C. § 505.

30. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages.

31.     Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting further infringement of Plaintiff's copyrights and exclusive rights under copyright.

## SECOND CLAIM FOR RELIEF
**(VICARIOUS AND/OR CONTRIBUTORY INFRINGEMENT LIABILITY AGAINST DEFENDANT)**
**(U.S.C. §§ 106, 501)**

32.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-31 above.

33.     Upon information and belief, Defendant induced, participated in, aided and abetted, and resultantly profited from the illegal reproduction and display of the Photograph on the Website.

34.     Upon information and belief, Defendant is vicariously liable for the infringement alleged herein because it had the right and ability to supervise the infringing conduct and because it had a direct financial interest in the infringing conduct.

35.     Facebook contributed to the infringement because it was promptly notified of the infringing conduct by the copyright holder and, in spite of its actual knowledge of the infringement, refused to takedown the Photograph even after this lawsuit was filed.

36.     By reason of Defendant's acts of contributory and/or vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages in an amount to be established at trial.

37.     Due to Defendant's acts of contributory and/or vicarious copyright infringement, Defendant has obtained direct and indirect profits it would otherwise not have realized but for their infringement of the Photograph.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Facebook be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 506.

2. That Defendant, and its officers, directors, employees, agents, representatives, affiliates, subsidiaries, distributors, licensees and all persons or entities acting in concert or participation with any Defendant, be enjoined from copying, reproducing, distributing, adapting, or publicly displaying Plaintiff's Photograph, pursuant to 17 U.S.C. § 502;

3. That Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

5. That Plaintiff be awarded her costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

6. That Plaintiff be awarded pre-judgment interest; and

7. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
July 26, 2019

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz

Richard Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Kristen Pierson*