

J. MICHAEL KEYES
Partner
(206) 903-8757
keyes.mike@dorsey.com

September 12, 2019

<u>VIA ELECTRONIC FILING</u>

Hon. P. Kevin Castel
U.S. District Court for the Southern District of New York
Courtroom 11D
500 Pearl Street
New York, NY 10007

     Re:    Kristen Pierson v. Facebook, Inc., No. 1:19-cv-00397-PKC

            Date of next conference before the Court:  November 15, 2019

Dear Judge Castel:

We represent Facebook, Inc. ("Facebook") and we submit this letter to expose blatant misrepresentations made by Mr. Liebowitz in Plaintiff's September 11, 2019 letter to this Court which requested an extension of deposition deadlines. Plaintiff's counsel, Mr. Leibowitz, falsely stated that Facebook failed to disclose "key witnesses" as he alleges is required by Rule 26(a). Mr. Leibowitz' statement is utterly false, unsupported by even a modicum of evidence, and a blatant violation of his duty of candor to this Court. We ask that this Court reconsider and reverse its Order granting the deadline extension because it was based on Mr. Liebowitz' misrepresentations, which Facebook was never given an opportunity to respond to.

The real reason Plaintiff needs to request an extension for depositions is because her counsel has simply not been diligent in discovery and failed to even request his desired depositions in a timely manner. Since Mr. Liebowitz could not establish good cause for relief from the deposition deadline in the scheduling order, he decided to manufacture an allegation that Facebook failed to disclose witnesses that it intends to support its defenses. This allegation is completely false and a flagrant breach of Mr. Liebowitz' duty of candor to this court.

    1.  There Is No Good Cause to Extend the Deposition Deadline.

This Court's scheduling Order and deposition deadlines may not be extended without good cause shown. Dkt. No. 22, p. 4. Plaintiff has not, and cannot show good cause.

Plaintiff deposed Facebook's 30(b)(6) witness on August 30, 2019. The same day, Plaintiff served a second set of interrogatories and requests for production to Facebook along with a request for "an extension to complete depositions until October 30th and push the end of fact discovery out one more month to November 30th." At this time (and currently) no depositions from either Plaintiff or Defendant were scheduled or requested. Mr. Liebowitz later clarified that the witnesses he wished to depose were "Max," "Orlando," and "Celeste" – all members of Facebook's Intellectual Property Operations.

Facebook pointed out that Mr. Liebowitz has not established any good cause for his request for an extension. Plaintiff knew of Max, Orlando, and Celeste since at least March of 2018, because emails from these individuals were sent directly to Plaintiff. Mr. Liebowitz also knew of these individuals before the lawsuit was even commenced, because he included an email from Max to Plaintiff as an exhibit to his complaint. See Dkt. Nos. 1-3 and 32-4. Plaintiff produced additional emails with these individuals in discovery. See Exhibits 1 and 2 hereto which Plaintiff produced in this litigation.

Mr. Liebowitz' claim that "Plaintiff learned of additional witnesses" during the deposition is a gross misrepresentation as it related to Max, Orlando, and Celeste – the individuals he wishes to depose. This misrepresentation is a violation of Mr. Liebowitz' duty of candor. *See This, LLC v. Jaccard Corp.*, 2017 US Dist LEXIS 19383, at *11 [D Conn Feb. 9, 2017, No. 3: 15-cv-1606(JBA)] (misrepresentation to court of what occurred during a 30(b)(6) deposition can be a violation of counsel's duty of candor to the court).

Mr. Liebowitz also failed to give Facebook any reason why he did not notice depositions for these individuals months ago, as he knew of their existence and role in the dispute before he even filed his complaint.

To get around his obvious lack of diligence, Mr. Liebowitz' September 11 letter created, for the first time Facebook is aware of, the allegation that Facebook was required to disclose these alleged "key witnesses" in its Rule 26(a) disclosures. This is a completely false allegation. Facebook never intended to rely on "Max," "Orlando," and "Celeste" to support its claims or defenses.[1] Facebook's 30(b)(6) deposition also did not establish that it intended to rely on these witnesses to support its claims or defenses.

---

[1] Parties satisfy Rule 26 by making an unequivocal statement that they may rely upon an individual on a motion or at trial. *Pal v. New York University*, No. 06 Civ. 5892, 2008 U.S. Dist. LEXIS 50902, 2008 WL 2627614, at *4 (S.D.N.Y. June 30, 2008). "The purpose of this disclosure is to alert an opposing party of the need to take discovery of the named witness." *Id.* (citing *Alfano v. Nat'l Geographic Channel*, No. 06-CV-3511, 2007 U.S. Dist. LEXIS 74674, 2007 WL 2982757, at *1 (E.D.N.Y. Oct. 5, 2007) (Rule 26(a)(1) requires the disclosure to be "not merely that a person is a potential source of information, but that the party may call upon him to provide it.")

In short, there is no basis for Mr. Liebowitz' claim that Facebook was obligated to list individuals in its 26(a) disclosures that it did not intend to rely on to support its claims or defenses. As such, his allegation that Facebook "failed to disclose certain key witnesses in [its] Rule 26(a) disclosures" is baseless, incorrect under both the facts and the law, and constitutes another violation of Mr. Liebowitz' duty of candor to this court.

2. Depositions of Max, Orlando, and Celeste After the Deadline for Depositions Would Be Unreasonably Cumulative or Duplicative.

Max, Orlando, and Celeste will not be able to provide Plaintiff information in addition to what it was able to obtain from Facebook's 30(b)(6) witness who was deposed August 30, 2019. Plaintiff already has Facebook's testimony on the treatment of and response to Ms. Pierson's DMCA notices. Those are the only topics or relevant information that Max, Orlando, and Celeste would be asked to provide. Any further questions on these topics will be duplicative, and any detailed responses to questions relating to particular fair use analysis of the photograph at issue are privileged, as was evident in Facebook's 30(b)(6) deposition.[2]

3. Additional Depositions Past the Deadline is Disproportionate to the Needs of this Case.

It was revealed in Ms. Pierson's deposition that aside from Mr. Nardolillo paying Pierson to take his headshot for around $200 dollars, she has never collected any licensing fees for the photograph at issue here. Nor is there evidence that Facebook profited from the use of the photograph. The realistic amount in controversy is incredibly low here. Additionally, there are very few factual disputes in this case.

Requesting and taking additional depositions beyond the current deadline is disproportionate to the needs of this case. The costs of these depositions alone will most likely exceed the realistic amount in controversy in this case, possibly numerous times over. Further, Plaintiff already had the opportunity to get testimony about Facebook's responses to Ms. Pierson's DMCA notices through the 30(b)(6) deposition was conducted

---

[2] It appears that Mr. Leibowitz is attempting to get a belated second bite of the apple because he wasn't prepared for Facebook's 30(b)(6) deposition. Mr. Leibowitz attempted to postpone Facebook's 30(b)(6) deposition two days prior to it taking place because he claimed he could not secure a court reporter – despite the deposition date having been agreed upon 45 days prior. Facebook was forced to step in and secure a court reporter on Plaintiff's behalf to ensure the deposition occurred as scheduled. Mr. Liebowitz also used the staff at the deposition location – which Facebook also secured for Plaintiff's use – to print deposition exhibits at the last minute. Allowing Mr. Liebowitz to essentially re-take his deposition after the deadline without good cause would be unreasonably cumulative, and as described below, disproportionate to the needs of this case.

last month.  While Plaintiff had the ability to explore Facebook's internal mechanics and analysis on responding to the notices, those issues aren't in dispute in this case.  This case is centered around Facebook's legal fair use defense based on undisputed facts. There is nothing to be gleaned from these witnesses that has any bearing on the central issues in this case – fair use or (lack of) damages.

Additional depositions on topics already covered will be unnecessarily costly, redundant, largely unrelated to issues in dispute, and disproportionate to the needs of the case.

For the reasons outlined above, Facebook respectfully requests that the Court reconsider and reverse its Order extending the deposition deadline.

Respectfully submitted,

DORSEY & WHITNEY, LLP

By */s/ J. Michael Keyes*

J. Michael Keyes
Brian J. Janura
Columbia Center
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
keyes.mike@dorsey.com
janura.brian@dorsey.com

Fara S. Sunderji
51 West 52nd Street
New York, NY 10019
sunderji.fara@dorsey.com

Attorneys for Defendant Facebook, Inc.


JMK:nkt
cc:  Richard Liebowitz by ECF

# EXHIBIT 1



## re: Intellectual Property Report #357265238090118

**Facebook** &lt;case++aazqhpngsn7d7a@support.facebook.com&gt;        Wed, Mar 7, 2018 at 1:40 PM
Reply-To: Facebook &lt;case++aazqhpngsn7d7a@support.facebook.com&gt;
To: legal@kristenpierson.com

Hi,

Thanks for your report. Based on the information you've provided, it is not clear that the content you've reported infringes your copyright. It appears that the content you reported is being used for the purpose of commentary or criticism.

For this reason, we are unable to act on your report at this time.

Thanks,

Max
Intellectual Property Operations
Facebook


>On Wed Mar 7, 2018 04:28:58, original message wrote:
>Hi,
>The Facebook Team received a report from you. For reference, your complaint number is 833563733495955.
>
>Please note that this channel is only for reports of alleged infringements or violations of your legal rights, such as
copyright or trademark. If you filed that type of report, no further action is necessary. However, if you contacted us
through this channel about another matter, you might not receive a response.
>If you're not confident that your issue concerns intellectual property rights, please consult the Intellectual Property
section of our Help Center for additional information:
>IP Help Center: https://www.facebook.com/help/intellectual_property/
>Please note that we regularly provide the rights owner's name, your email address and the nature of your report to
the person who posted the content you are reporting. You may wish to provide a professional or business email
address for contact by users.
>For help with matters other than infringement/violation of your legal rights, the links below may be helpful:
>- Hacked or phished accounts: https://www.facebook.com/help/security
>- Fake/Impostor accounts (timelines): https://www.facebook.com/help/174210519303259/
>- Abuse (including spam, hate speech and harassment): https://www.facebook.com/help/263149623790594/
>- Pages (including admin issues): https://www.facebook.com/help/pages/
>- Unauthorized photos or videos: https://www.facebook.com/help/428478523862899
>- Login issues: https://www.facebook.com/help/login
>- Help for users who have been disabled or blocked: https://www.facebook.com/help/warnings
>If the links above do not contain the information you're looking for, you may want to search the Help Center for more
assistance: https://www.facebook.com/help/
>As a reminder, if your submission contains a report of alleged infringement/violation of your legal rights, no further
action is necessary. We will look into your matter shortly.
>Thanks for contacting Facebook,
>The Facebook Team
>--------------------------
>DCMA TAKEDOWN NOTICE for Copyright Infringement (6A8A8806.jpg) fb
>My name is Kristen Pierson. I am a photographer who can be reached at:
>Kristen Pierson Photography
>P.O. Box 97
>Coventry, RI 02816
>401-484-1606
>email: legal@kristenpierson.com
>I am the author and copyright owner of the following photograph:
>
>The photograph appears on my website at:
>https://urldefense.proofpoint.com/v2/url?u=http-3A__kristenpierson.photoshelter.com_gallery-2Dimage_Bobby-2DN-
2DHeadshots_G0000Gb7sjrrH6AI_I0000JnSRNZAQ5pM_C0000oQ1co.d8lFM&d=DwIFaQ&c=
5VD0RTiNlTh3ycd41b3MUw&r=MUJVTEEwWisaJNdZ6ymrtg&m=FNpa_8Zj5AFp_nuZPcxzlLFFPMBBv8k-
isweecb2Gjk&s=hhlLCot0yOWEUfUe83wh5uUeyv43fEGFZpELolHbUYo&e=
>The copyright for the photograph is registered with the US Copyright office.
>The photograph appears without my authorization or authority of the law,
>and at the following URLs on your servers:
>1.
>https://urldefense.proofpoint.com/v2/url?u=https-3A__scontent.fbos1-2D1.fna.fbcdn.net_v_t1.0-2D9_28575821-
5F1442382495870612-5F5095878239419713942-5Fn.png-3Foh-3D0e8068045fb37afe4cc73fb402a05959-26oe-
3D5B3DB4C6&d=DwIFaQ&c=5VD0RTiNlTh3ycd41b3MUw&r=MUJVTEEwWisaJNdZ6ymrtg&m=FNpa_
8Zj5AFp_nuZPcxzlLFFPMBBv8k-isweecb2Gjk&s=x7b2q_Uxcc0B8JoVD1VOi2dlYkqGVzdosVkhTpugF28&e=
>2.
>https://www.facebook.com/trustedtechtips/photos/a.714501555325380.1073741828.714118492030353/
1442382495870612/?type=3&theater
>These are infringements of my copyrights.
>This letter is official notification under the provisions of Section 512 of
>the Digital Millennium Copyright Act to effect removal of the
>above-reported infringements. I demand that you immediately remove my
>photograph from the URLs cited above. Please be advised that law requires
>you to "expeditiously remove or disable access to" the photograph upon
>receiving this notice. Noncompliance will result in a loss of immunity for
>copyright infringement liability under the DMCA.
>I have a good faith belief that uses of the photograph in the manner
>complained of here are not authorized by me (i.e., the copyright owner) or
>the law. I have a good faith belief that each of the uses does not qualify
>as Fair Use under 17 USC §107. I swear under penalty of perjury that (1) I
>am the copyright holder and (2) that the information provided in this
>notice is accurate to the best of my knowledge.
>Please email a prompt response indicating that you have complied with this
>notice.
>Sincerely,
>s/Kristen Pierson
>re: trustedtechtips
>

# EXHIBIT 2


**DMCA TAKEDOWN NOTICE for Copyright Infringement (6A8A8806.jpg) fb**

**Facebook** <case++aazq25tddnij3s@support.facebook.com>                    Tue, Mar 6, 2018 at 9:36 PM
Reply-To: Facebook <case++aazq25tddnij3s@support.facebook.com>
To: legal@kristenpierson.com

Hi,

Thanks for your report.  Based on the information you've provided, it appears you are reporting content you believe
violates your copyright.  However, to be able to process your report, we will need you to provide the following:

- A link (URL) to an authorized example of your copyrighted work or a detailed description of each copyrighted work
that you allege is being infringed

- An explanation of how you believe the reported content is infringing your copyright(s)

Once we've received this additional information, we can look into this matter further.

Thanks,

Orlando
Intellectual Property Operations
Facebook


>On Tue Mar 6, 2018 17:59:45, original message wrote:
>Hi,
>The Facebook Team received a report from you. For reference, your complaint number is 357265238090118.
>
>Please note that this channel is only for reports of alleged infringements or violations of your legal rights, such as
copyright or trademark. If you filed that type of report, no further action is necessary. However, if you contacted us
through this channel about another matter, you might not receive a response.
>If you're not confident that your issue concerns intellectual property rights, please consult the Intellectual Property
section of our Help Center for additional information:
>IP Help Center: https://www.facebook.com/help/intellectual_property/
>Please note that we regularly provide the rights owner's name, your email address and the nature of your report to
the person who posted the content you are reporting. You may wish to provide a professional or business email
address for contact by users.
>For help with matters other than infringement/violation of your legal rights, the links below may be helpful:
>- Hacked or phished accounts: https://www.facebook.com/help/security
>- Fake/Impostor accounts (timelines): https://www.facebook.com/help/174210519303259/
>- Abuse (including spam, hate speech and harassment): https://www.facebook.com/help/263149623790594/
>- Pages (including admin issues): https://www.facebook.com/help/pages/
>- Unauthorized photos or videos: https://www.facebook.com/help/428478523862899
>- Login issues: https://www.facebook.com/help/login
>- Help for users who have been disabled or blocked: https://www.facebook.com/help/warnings
>If the links above do not contain the information you're looking for, you may want to search the Help Center for more
assistance: https://www.facebook.com/help/
>As a reminder, if your submission contains a report of alleged infringement/violation of your legal rights, no further
action is necessary. We will look into your matter shortly.
>Thanks for contacting Facebook,
>The Facebook Team
>----------------------------
>DMCA TAKEDOWN NOTICE for Copyright Infringement (6A8A8806.jpg) fb
>My name is Kristen Pierson. I am a photographer who can be reached at:
>Kristen Pierson Photography
>P.O. Box 97
>Coventry, RI 02816
>401-484-1606 <(401)%20484-1606>
>email: legal@kristenpierson.com
>I am the author and copyright owner of the following photograph:
>
>The photograph appears on my website at:
>https://urldefense.proofpoint.com/v2/url?u=http-3A__kristenpierson.photoshelter.com_gallery-2Dimage_Bobby-2DN-
2DHeadshots_&d=DwIFaQ&c=5VD0RTtNlTh3ycd41b3MUw&r=MUJVTEEwWisaJNdZ6yrnrtg&m=7_
HoaBmWY0nibHIB8eDwKvUUX33ZeeULYsp4WeFCcr0&s=XuRZCMGgWoSD8KYMNCDMP2jjTnl0q
Ge700i5cCkBJM&e=
>G0000Gb7sjrrH6AI/I0000JnSRNZAQ5pM/C0000oQ1co.d8lFM
>The copyright for the photograph is registered with the US Copyright office.
>The photograph appears without my authorization or authority of the law,
>and at the following URLs on your servers:
>1. https://urldefense.proofpoint.com/v2/url?u=https-3A__scontent.fbos1-2D1.fna.fbcdn.net_v_t1.0-2D9_28575821-
2D&d=DwIFaQ&c=5VD0RTtNlTh3ycd41b3MUw&r=MUJVTEEwWisaJNdZ6yrnrtg&m=7_
HoaBmWY0nibHIB8eDwKvUUX33ZeeULYsp4WeFCcr0&s=M96_JY68KeM7xg8jLzG9WegJhuYB_
fKdGTl5GLc64dI&e=
>1442382495870612_5095878239419713942_n.png?oh=0e8068045fb37afe4cc73fb402a059
>59&oe=5B3DB4C6
>2. https://www.facebook.com/trustedtechtips/photos/a.
>714501555325380.1073741828.714118492030353/1442382495870612/?type=3&theater
>These are infringements of my copyrights.
>This letter is official notification under the provisions of Section 512 of
>the Digital Millennium Copyright Act to effect removal of the
>above-reported infringements. I demand that you immediately remove my
>photograph from the URLs cited above. Please be advised that law requires
>you to "expeditiously remove or disable access to" the photograph upon
>receiving this notice. Noncompliance will result in a loss of immunity for
>copyright infringement liability under the DMCA.
>I have a good faith belief that uses of the photograph in the manner
>complained of here are not authorized by me (i.e., the copyright owner) or
>the law. I have a good faith belief that each of the uses does not qualify
>as Fair Use under 17 USC §107. I swear under penalty of perjury that (1) I
>am the copyright holder and (2) that the information provided in this
>notice is accurate to the best of my knowledge.
>Please email a prompt response indicating that you have complied with this
>notice.
>Sincerely,
>/s/Kristen Pierson
>re: trustedtechtips
>

KP_036