

**J. MICHAEL KEYES**
Partner
(206) 903-8757
keyes.mike@dorsey.com

September 13, 2019

**<u>VIA ELECTRONIC FILING</u>**

Hon. P. Kevin Castel
U.S. District Court for the Southern District of New York
Courtroom 11D
500 Pearl Street
New York, NY 10007

    Re:    Kristen Pierson v. Facebook, Inc., No. 1:19-cv-00397-PKC

           Date of next conference before the Court:  November 15, 2019

Dear Judge Castel:

    We represent Facebook, Inc. ("Facebook") in its defense to copyright infringement claims brought against it by Plaintiff Kristen Pierson ("Plaintiff" or "Ms. Pierson").  We respectfully request a pre-motion conference to address the imposition of sanctions under Fed. R. Civ. P. 26(g) against Plaintiff's counsel Richard Liebowitz, and the Liebowitz Law Firm, for certifying the completeness and accuracy of Plaintiff's answers and responses to Facebook's discovery requests without even showing Ms. Pierson the discovery requests or showing Ms. Pierson her own purported responses.

    Plaintiff's counsel could not have undertaken a reasonable inquiry into the basis of the discovery responses prior to certifying them because:

- Prior to serving responses to Facebook's document requests, Ms. Pierson never even read the requests.  Pierson Dep., 22:5-19.

- Ms. Pierson did not read the requests for documents until more than two months after she served the signed and certified responses.  *Id.*

- Ms. Pierson's search for responsive documents was patently deficient and resulted in numerous responsive documents being withheld from production without justification.  *Id.* at 25:8-9, 31:22-32:13.

- Prior to serving her answers to Facebook's interrogatories, Ms. Pierson had not even looked at the interrogatories.  *Id.* at 38:21- 40:16.

- Ms. Pierson did not even read the interrogatories or 'her own' answers until more than two months after her signed answers were served on Facebook. *Id.*[1]

Facebook intends to seek sanctions against Mr. Liebowitz and the Liebowitz Law Firm in an amount this Court deems appropriate to secure their compliance with the federal rules and professional duties. Sanctions are especially appropriate here because this is not the first time Mr. Liebowitz has flouted the rules and his duties in this case (as shown by Mr. Liebowitz' lack of candor to the Court in his September 11th application to extend deposition dates) or in this Court (*see Rice v. NBC Universal Media LLC*, 2019 US Dist. LEXIS 114690, at *1 [SDNY July 10, 2019, No. 19-CV-447 (JMF)] (listing cases involving Mr. Liebowitz' non-compliance with court orders and history of sanctions)).

Sanctions sought by Facebook will also include an order for Mr. Liebowitz to pay Facebook's reasonable expenses caused by the improper certification, including attorneys' fees, for bringing this motion and taking Plaintiff's deposition based on inaccurate and incomplete interrogatory answers and document productions.

By requesting sanctions under Rule 26(g), Facebook is not moving to compel disclosure or discovery under Rule 37 at this time, but it reserves its rights to do so.

## **Relevant Factual Background**

Plaintiff claims to be the sole owner and copyright holder of a photograph of a former Rhode Island politician Robert Nardolillo. Dkt. 32, ¶ 11. Plaintiff alleges that her photograph was displayed, without authorization, in a Facebook post by Trusted Tech Tips. *Id*. at ¶ 13. The Trusted Tech Tips post was commenting on then U.S. Senate candidate Mr. Nardolillo's policy statements regarding school shootings, and his decision to regulate violent video games instead of firearms in order to secure student safety. Dkt. 33-2. Plaintiff stated that she sent Facebook a DMCA notice of infringement, and that Facebook did not remove the photograph from the post because it was "being used for the purposes of commentary or criticism." Dkt. 32, ¶ 15.

Plaintiff filed suit against Facebook for copyright infringement on January 14, 2019 and amended her complaint on August 7, 2019 to add claims for contributory infringement and vicarious liability. Dkt. Nos. 1, 32. The parties exchanged discovery requests in April and May of 2019. Facebook served its First Set of Interrogatories and First Set of Document Requests on Plaintiff on May 16, 2019. Plaintiff served Answers and Objections to Facebook's Interrogatories and Responses to Facebook's Document Requests on June 14, 2019. No documents were provided in response to Facebook's

---

[1] Ms. Pierson did not, and could not, verify her answers to Facebook's interrogatories as mandated by Fed. R. Civ. P. 33(b). *Id*. at 40:1-143.

Hon. P. Kevin Castel
September 13, 2019
Page 3

Document Requests at that time.  Both documents were signed by Richard Liebowitz on behalf of the Liebowitz Law Firm, PLLC.

Even before the Plaintiff served her answers, objections, and responses to discovery, the parties were negotiating and scheduling depositions, including Plaintiff's deposition.  Plaintiff's deposition was eventually scheduled to take place on August 16, 2019, in Boston, pursuant to Plaintiff's request.  Plaintiff produced 51 pages of documents on August 13, 2019, and another 15 pages of documents on August 15, 2019.

Plaintiff's August 16, 2019 deposition revealed that the answers and responses to Facebook's interrogatories and document requests – which were signed and dated two months prior, on June 14, 2019 – were served on Facebook even though Ms. Pierson had not:  1) seen the requests; 2) consulted with her attorney about their meaning, or; 3) provided the information and documents available to her that were responsive to the discovery.

For example, Ms. Pierson testified that she did not even read the requests for production – which were served on her on May 16, 2019 – until the day before her August 16, 2019 deposition.  This delay was more than three months after the requests were served, and two months after the responses were certified by counsel.  Unsurprisingly, Ms. Pierson's search for and production of documents was inadequate and incomplete as a result:

> Q So Exhibit 3 is a request for production of documents.  You see that?
> A Yes.
> Q It requests production of certain documents that were relevant or germane to the lawsuit.  You understand that?
> A Yes.
> Q And I asked you if you produced documents pursuant to Exhibit 3, those requests, and you said yes, "some"?
> A Well, I'm not sure because I just read this yesterday.  I just got this yesterday.
> Q Before you read that yesterday, had you ever reviewed it prior to that?
> A No.
> …
> Q So is it fair to say that, Ms. Pierson, you're not sure what documents, if any, were produced pursuant to Exhibit 3?
> A Yes.

Pierson Dep. 22:5-19.

Ms. Pierson later testified to having responsive documents that she did not turn over.  When asked why responsive documents were not produced, Pierson testified, "I

just got the request yesterday, so I didn't have time to go through all the records." Pierson Dep. 25:8-9.

Ms. Pierson's answers to Facebook's interrogatories were also served and signed by Mr. Liebowitz without making basic factual inquiries with his client. Ms. Pierson again testified that that she never reviewed or authorized her interrogatory answers prior to those being served on Facebook. The first time she even reviewed the interrogatories or "her" answers was more than two months after she served her supposed answers on Facebook:

> Q Exhibit 5 to your deposition is a set of interrogatories, do you see that?
> A Yes.
> Q And Exhibit 5 contains a number of your answers, did you see that?
> A Yes.
> Q When was the first time you reviewed Exhibit 5? Was it earlier this week?
> A Perhaps. Yes.
> Q Other than perhaps you reviewed them this week, do you have a recollection of reviewing Exhibit 5 this week in preparation for your deposition today?
> A I did just recently see this. I just don't know what day specifically but it was within the week.
> Q Can you turn to Page 3 of Exhibit 5, if you would?
> A (Witness complies.)
> Q Do you see on Page 3 at the top it says specific answers and objections?
> A Yes.
> Q Did you provide these answers here on Page 3?
> A No.
> Q Did you go over these answers with your counsel before they were submitted to Facebook?
> A No.
> …
> Q. So as you sit here today, can you testify as to the accuracy of the answers in Exhibit 5?
> A No.

Pierson Dep. 38:21- 40:16.

Ms. Pierson's deposition was taken on August 16, 2019, without the benefit of *her* providing answers to interrogatories, or a reasonably diligent search for responsive documents pursuant to Facebook's requests.

## **Argument and Authority**

Legal Standard for Sanctions under Rule 26(g).

Rule 26(g) requires that "[e]very disclosure under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name."  Fed. R. Civ. P. 26(g)(1).  By signing a response to a discovery request, an attorney certifies that to the best of her "knowledge, information, and belief formed after a reasonable inquiry," the response is (1) consistent with the Federal Rules of Civil Procedure and justified under existing law; (2) not interposed for any improper purpose, such as to unnecessarily delay or needlessly increase the costs of litigation; and (3) reasonable given the importance of the issue and the circumstances of the case.  *Id.*; (*Kiobel v. Royal Dutch Petroleum Co.*, 2009 US Dist. LEXIS 55185, at *7-8 [SDNY June 25, 2009]).

An attorney's inquiry is reasonable and satisfies Rule 26(g) only if the inquiry, including the investigation into the factual basis of the responses, was objectively reasonable under the circumstances.  *Id.*; Fed. R. Civ. P. 26(g) advisory committee's note.  The signature of a lawyer on a discovery response "certifies that the lawyer has made a reasonable effort to assure that the client has provided all the information and documents available to [her] that are responsive to the discovery demand."  *Id.*

Rule 26(g) is intended to deter and curb discovery abuses, including evasive responses, by "explicitly encouraging the imposition of sanctions."  Fed. R. Civ. P. 26 advisory committee's note.  If an attorney's certification violates Rule 26(g), without there being substantial justification for the violation, a court on motion or on its own, "must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both."  (*Shim-Larkin v. New York*, 2019 US Dist. LEXIS 19245, at *25-26 [SDNY Feb. 5, 2019, No. 16-CV-6099 (AJN)(KNF)]).

While Rule 26(g) parallels Rule 11 in imposing an objective standard of reasonableness, "Rule 26(g) imposes a more stringent certification requirement than Rule 11."  (*Apex Oil Co. v. Belcher Co. of NY*, 855 F2d 1009, 1015 [2d Cir 1988]).

Plaintiff's Conduct Fails to Satisfy the Requirements of Rule 26(g).

Mr. Liebowitz signed Plaintiff's answers to Facebook's interrogatories and Plaintiff's responses to Facebook's document requests, thereby certifying that a reasonable inquiry into the completeness and correctness of the answers and responses was made by him and his client.  However, Ms. Pierson's sworn deposition testimony shows that neither Mr. Liebowitz nor his client undertook an objectively reasonable inquiry prior to certification.

The objective unreasonableness of Plaintiff's discovery answers and responses is based on several key facts.  First, Ms. Pierson testified that she did not read the

interrogatories or requests for production prior to serving her responses. The failure to even deliver Facebook's discovery demands on the person to which they are directed is patently unreasonable. A reasonable inquiry would have required, at a minimum, a reasonable effort to distribute the discovery requests to Ms. Pierson. (*Metro. Opera Assn. v. Local 100, Hotel Emples. & Rest. Emples. Intl. Union*, 212 FRD 178, 221 [SDNY 2003]) (failure to conduct any reasonable inquiry into the factual basis of discovery responses where no reasonable procedure to distribute discovery requests to those potentially possessing responsive information).

Second, Ms. Pierson never reviewed her discovery answers or responses with her attorney and could not confirm if they were complete or correct. If Ms. Pierson could not confirm the accuracy, completeness, or factual basis for the discovery responses directed to her, Mr. Liebowitz certainly could not certify that he or his client made a reasonable inquiry into the substance of her responses. (*Kiobel v. Royal Dutch Petroleum Co.*, 2009 US Dist. LEXIS 55185, at *11-12 [SDNY June 25, 2009]) (It would be unreasonable and a violation of Rule 26(g) if a plaintiff filed interrogatory responses stating the extent of that person's knowledge if plaintiff's counsel did not first communicate with that individual about the substance of his personal knowledge).

Finally, Mr. Liebowitz never conducted a reasonable inquiry into the substance of the discovery answers and responses because he never reviewed the discovery requests with Ms. Pierson so she could understand what they were requesting, nor did he diligently supervise her search for production of documents. (*Markey v. Lapolla Indus.*, 2015 US Dist. LEXIS 112915, at *64 [EDNY Aug. 25, 2015, No. CV 12-4622 (JS) (AKT)]) (no reasonably inquiry into discovery responses where attorney did not "review the document requests with Plaintiffs themselves, [or] diligently supervise Plaintiffs' production.").

Each of the above discovery abuses constitutes an independent failure to conduct a reasonable inquiry into the basis of Plaintiff's discovery answers and responses. By certifying that a reasonable inquiry had been undertaken, when it had not been, Mr. Liebowitz violated Fed. R. Civ. P. 26(g). (*Shim-Larkin v. New York*, 2019 US Dist. LEXIS 19245, at *33-34 [SDNY Feb. 5, 2019, No. 16-CV-6099 (AJN)(KNF)]).

Neither Ms. Pierson nor her attorney have provided any substantial justification for these discovery abuses, and they will not be able to do so. Plaintiff's counsel never requested an extension to serve discovery responses. Instead, Plaintiff's attorney simply certified and served patently inadequate discovery responses without a second thought and in violation of Rule 26(g). *See Metro. Opera Ass'n.*, 212 FRD at 219 ("Rule 26(g) imposes on counsel an affirmative duty to engage in pretrial discovery responsibly" and to "stop and think about the legitimacy of a discovery request, a response thereto, or an objection.").

As a result of Plaintiff's counsel's violations, Facebook was forced to take Plaintiff's deposition without the benefit of receiving verified interrogatory responses to question her

about, and without the benefit of examining responsive documents that could have been produced prior to the deposition.

For the reasons outlined above, Facebook respectfully requests that the Court grant its request for a pre-motion conference to address these discovery abuses and the imposition of sanctions on Mr. Liebowitz and the Liebowitz Law Firm, which include Facebook's attorneys' fees and costs associated with the violation.

Respectfully submitted,

DORSEY & WHITNEY, LLP

By /s/ *J. Michael Keyes*

J. Michael Keyes
Brian J. Janura
Columbia Center
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
keyes.mike@dorsey.com
janura.brian@dorsey.com

Fara S. Sunderji
51 West 52nd Street
New York, NY 10019
sunderji.fara@dorsey.com

Attorneys for Defendant Facebook, Inc.

JMK:nkt
cc:  Richard Liebowitz by ECF