

September 19, 2019

**VIA ECF**

Honorable Kevin P. Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Pierson v. Facebook, Inc.,* No. 1:19-cv-00397 (PKC)

Dear Judge Castel:

We represent Plaintiff Kristen Pierson ("Plaintiff") in the above-referenced action and write in response to Defendant Facebook, Inc. ("Defendant")'s request for a pre-motion conference for sanctions under Fed. R.Civ.P. 26(g).  Defendant's request should be denied.

Defendant's primary complaint is that Plaintiff did not read her written responses to Defendant's document requests and interrogatories ("Plaintiff's Responses") until the week before her deposition.  Defendant has not cited any Rule which requires a party to conduct a line-by-line review of her written responses to discovery requests.  Plaintiff's counsel conducted reasonable inquiry in the preparation of Plaintiff's Responses and produced all relevant information requested in a timely manner.  Notably absent from Defendant's letter is any discussion of information or documents that Plaintiff has failed to disclose.  That's because Plaintiff remains in compliance with its discovery obligations.

Significantly, Defendant has not alleged that it suffered any substantive or procedural prejudice as a result of the alleged discovery violations; nor has Defendant alleged that Plaintiff failed to make sufficient production of documents or information.  Indeed, Defendant never served a deficiency letter prior to Plaintiff's deposition and never attempted to meet-and-confer on its proposed motion for sanctions.  If Defendant takes issue with any disclosures made thus far, there is ample time to cure any alleged defects.  Accordingly, Plaintiff respectfully requests that the Court deny Defendant's request for a pre-motion conference and allow this case to proceed on the merits.

Respectfully Submitted,

**/richardliebowitz/**
Richard Liebowitz

