**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

| | | |
|---|---|---|
| KRISTEN PIERSON | : | 1:19-CV-00397 |
| Plaintiff, | : | HON. P. KEVIN CASTEL |
| v. | : | |
| FACEBOOK, INC., | : | |
| Defendant. | : | |
| | : | |

---------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF

## DEFENDANT'S MOTION FOR SANCTIONS

J. MICHAEL KEYES (JK-6504)
BRIAN J. JANURA (*pro hac vice*)
Columbia Center
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
(206) 903-8800
keyes.mike@dorsey.com
janura.brian@dorsey.com

FARA S. SUNDERJI (FS-1208)
51 West 52nd Street
New York, NY 10019
(212) 415-9200
sunderji.fara@dorsey.com
Attorneys for Defendant
FACEBOOK, INC.

## TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................................5

II. FACTUAL BACKGROUND.................................................................................................7

    A. Plaintiff Sued Facebook because an Image of a Politician Appeared on a Facebook User's Post Criticizing His Political Ideology. .......................................7

    B. Mr. Liebowitz Falsely Certified Plaintiff's Responses to Facebook's Discovery Requests as Being Accurate, Complete, and the Result of a Reasonable Inquiry. ................................................................................................8

        1. Mr. Liebowitz Signed and Served Answers to Facebook's Interrogatories Without His Client Ever Seeing the Interrogatories or Verifying the Answers...............................................................................8

        2. Mr. Liebowitz Signed and Served Responses to Facebook's Requests for Production Without His Client Ever Seeing the Requests, Directly Resulting in a Deficient Search for and Production of Documents. ........................................................................10

III. ARGUMENT........................................................................................................................11

    A. Legal Standard for Sanctions under Fed. R. Civ. P. 26(g)......................................11

    B. Mr. Liebowitz Violated Rule 26(g) By Certifying His Client's Discovery Responses as Accurate and Complete When, In Fact, He Failed to Undertake Any Reasonable Inquiry Into Their Accuracy or Completeness..........12

IV. CONCLUSION.....................................................................................................................15

# **TABLE OF AUTHORITIES**

**Cases**

*Apex Oil Co. v. Belcher Co. of NY*,
    855 F2d 1009 [2d Cir 1988]..................................................................................................12

*Craig v UMG Recs., Inc.*,
    2019 US Dist LEXIS 113771 [SDNY July 9, 2019, No. 16-CV-5439 (JPO)].........................6

*Dacosta v City of NY*,
    296 F Supp 3d 569 [EDNY 2017] .........................................................................................15

*Ferdman v. CBS Interactive, Inc.*,
    342 F. Supp. 3d 515 [SDNY 2018].........................................................................................6

*Kiobel v. Royal Dutch Petroleum Co.*,
    2009 US Dist. LEXIS 55185, [SDNY June 25, 2009] .....................................................11, 13

*Lee v. Max International, LLC*,
    638 F.3d 1318 [10th Cir.2011] ..............................................................................................15

*Matter of Liebowitz v. Liebowitz*,
    Case No. 19-MC-80228-JD [NDCA, Oct. 7, 2019] ................................................................7

*Markey v Lapolla Indus.*,
    2015 US Dist LEXIS 112915, [EDNY Aug. 25, 2015, No. CV 12-4622 (JS)
    (AKT)] .............................................................................................................................12, 14

*Masi v. Mythical Ent.*,
    Case No. 5:19-CV-438-FL [EDNC, Oct. 4, 2019] ..................................................................7

*McDermott v Monday Monday, LLC*,
    2018 US Dist LEXIS 184049 [SDNY Oct. 26, 2018, No. 17cv9230 (DLC)]..........................6

*Metro. Opera Assn. v. Local 100, Hotel Emples. & Rest. Emples. Intl. Union*,
    212 FRD 178 [SDNY 2003] .............................................................................................13, 14

*Pereira v 3072541 Can. Inc.*,
    2018 US Dist LEXIS 195406, [SDNY Nov. 15, 2018, No. 17-CV-6945 (RA)]......................5

*Rice v. NBC Universal Media LLC*,
    2019 US Dist. LEXIS 114690, [SDNY July 10, 2019, No. 19-CV-447 (JMF)] ..................5, 6

*Sands v Bauer Media Group USA, LLC*,
    2019 US Dist LEXIS 160421, [SDNY Sep. 18, 2019, No. 17-cv-9215 (LAK)]...............5, 6, 7

*Shim-Larkin v. New York*,
  2019 US Dist. LEXIS 19245, [SDNY Feb. 5, 2019, No. 16-CV-6099
  (AJN)(KNF)] .................................................................................................................12, 14

*Steeger v JMS Cleaning Servs., LLC*,
  2018 US Dist LEXIS 42797 [SDNY Mar. 14, 2018, No. 17-CV-8013(DLC)] ....................5, 6

*Wisser v. Vox Media, Inc.*,
  1:19-cv-01445 .......................................................................................................................6

**Statutes**

17 U.S.C. § 107 ................................................................................................................................8

DMCA ..............................................................................................................................................7

**Other Authorities**

Fed. R. Civ. P. 11 ...........................................................................................................................12

Fed. R. Civ. P. 26 ...........................................................................................................................12

Fed. R. Civ. P. 26(a)(1) ..................................................................................................................11

Fed. R. Civ. P. 26(a)(3) ..................................................................................................................11

Fed. R. Civ. P. 26(g) .............................................................................................................. *passim*

Fed. R. Civ. P. 26(g) Advisory Committee's Note ....................................................................8, 12

Fed. R. Civ. P. 26(g)(1) ..................................................................................................................11

4836-7262-1225\4

Pursuant to this Court's Order dated September 25, 2019 (Dkt. 39), Defendant Facebook, Inc., ("Defendant" or "Facebook"), by its attorneys, Dorsey & Whitney, LLP, respectfully submits this memorandum of law in support of its motion for an order imposing sanctions against Plaintiff Kristen Pierson's ("Plaintiff") counsel of record, Richard Liebowitz and the Liebowitz Law Firm, under Fed. R. Civ. P. 26(g).

## I.   INTRODUCTION

Plaintiff's counsel, Mr. Richard Liebowitz, has a sordid history of improper litigation conduct in this judicial district. "Mr. Liebowitz has been sanctioned, reprimanded, and advised to 'clean up his act'" by several judges in this district. *Sands v Bauer Media Group USA, LLC*, 2019 US Dist. LEXIS 160421, at *3 [SDNY Sep. 18, 2019, No. 17-cv-9215 (LAK)]; *Rice v. NBC Universal Media LLC*, 2019 US Dist. LEXIS 114690, at *1 [SDNY July 10, 2019, No. 19-CV-447 (JMF)]. He has a reputation for making "outright misrepresentations" and failing to follow court orders. *Pereira v 3072541 Can. Inc.*, 2018 US Dist LEXIS 195406, at *8 [SDNY Nov. 15, 2018, No. 17-CV-6945 (RA)]. In one recent case, the Hon. Denise Cote even ordered him to attend a 4-hour CLE on "ethics and professionalism." *Steeger v JMS Cleaning Servs., LLC*, 2018 US Dist LEXIS 42797 [SDNY Mar. 14, 2018, No. 17-CV-8013(DLC)]. Regrettably, it appears that the sanctions, reprimands, and even the remedial ethics training all failed to grab Mr. Liebowitz' attention. In this case, he is up to his same old antics. This time, Mr. Liebowitz has engaged in the following improper behavior:

- Mr. Liebowitz signed and served responses to Facebook's interrogatories, without his client even seeing the interrogatories or reviewing her supposed "answers."

- Mr. Liebowitz signed and served responses to Facebook's document requests without his client ever seeing the requests or reviewing the answers.

- Mr. Liebowitz failed to show his client the discovery requests directed to her until months after he served the responses, resulting in patently deficient responses and responsive documents being withheld from production without justification.[1]

Meaningful sanctions are especially appropriate here because Mr. Liebowitz is an unrepentant, repeat offender. *See, e.g., Steeger, LLC*, 2018 US Dist LEXIS 42797 (imposing pecuniary sanctions against Mr. Liebowitz and ordering him to attend ethics and professionalism courses); *McDermott v Monday Monday, LLC*, 2018 US Dist LEXIS 184049 [SDNY Oct. 26, 2018, No. 17cv9230 (DLC)] (citing cases) ("Mr. Liebowitz has . . . been sanctioned for failing to comply with court orders and for failing to produce materials during discovery."); *Ferdman v. CBS Interactive, Inc.*, 342 F. Supp. 3d 515, 529 [SDNY 2018] (precluding Mr. Liebowitz' use of documents because of his failure to produce them when requested); *Craig v UMG Recs., Inc.*, 2019 US Dist LEXIS 113771 [SDNY July 9, 2019, No. 16-CV-5439 (JPO)] (imposing sanctions of $98,532.62 in attorney's fees and costs against Mr. Liebowitz for discovery misconduct); *Rice*, 2019 US Dist. LEXIS 114690, at *1 (imposing sanctions against Mr. Liebowitz for discovery misconduct and awarding attorneys' fees to movant), and; *Sands*, 2019 US Dist LEXIS 160421 (imposing sanctions against Mr. Liebowitz for failure to produce licensing agreements and awarding moving party's attorneys' fees).[2]

---

[1] Mr. Liebowitz has apparently engaged in this exact same conduct in another case pending before the Hon. Lorna G. Schofield. *See Wisser v. Vox Media, Inc.*, 1:19-cv-01445 (defendant moving for sanctions, in part, because Mr. Liebowitz signed and served discovery responses on the defendant without his client having seen the discovery requests or the responses Mr. Liebowitz drafted).

[2] Mr. Liebowitz' streak of abuses continued into this case, and beyond the discovery responses at the heart of this sanctions motion, by filing an amended complaint without his client's consultation or permission (*see* Exhibit C to Declaration of J. Michael Keyes in Support of Defendant's Motion for Sanctions ("Keyes Decl."), 15:10-16:24), and making blatantly false representations to this Court in order to needlessly extend discovery (*see* Dkt. 36).

The Hon. Lewis A. Kaplan previously noted Mr. Liebowtiz' "pattern of discovery and related abuse" illustrates his "deliberate indifference to an attorney's obligation to behave in a professional, responsible, and competent manner in each and every case he handles." *Sands*, 2019 US Dist LEXIS 160421, at *14-15. Mr. Liebowitz' pattern and practice of abuses is not only recognized and documented in this case and district, but it has spilled over into other jurisdictions where judges "join[] the chorus of those telling [Mr. Liebowitz] to clean up his act." *Masi v. Mythical Ent.*, Case No. 5:19-CV-438-FL [EDNC, Oct. 4, 2019]; *see also Matter of Liebowitz v. Liebowitz*, Case No. 19-MC-80228-JD [NDCA, Oct. 7, 2019] (order disbarring Mr. Liebowitz from the Northern District of California).[3]

Facebook respectfully requests that the Court impose sanctions against Mr. Liebowitz and the Liebowitz Law Firm in an amount this Court deems appropriate in order to: (1) punish them for improper conduct; and (2) secure their compliance with the federal rules and professional duties on a going forward basis.

## II.     FACTUAL BACKGROUND

### A.     Plaintiff Sued Facebook because an Image of a Politician Appeared on a Facebook User's Post Criticizing His Political Ideology.

Plaintiff claims to be the sole owner and copyright holder of a photograph of a former Rhode Island politician named Robert Nardolillo. Dkt. 32, ¶ 11. Plaintiff alleges that her photograph, a campaign headshot of the politician, was displayed without authorization in a Facebook post by the Page Trusted Tech Tips. *Id.* at ¶ 13. The Trusted Tech Tips post was a commentary on then U.S. Senate candidate Mr. Nardolillo's policy statements regarding school shootings, and his decision to regulate violent video games instead of firearms in order to secure student safety. Dkt. 33-2. Plaintiff sent Facebook a DMCA notice of infringement regarding

---

[3] Copies of the *Masi* and *Liebowitz* orders are attached as Exhibits D and E to the Keyes Decl.

Mr. Nardolillo's headshot as used in the critical post. Facebook did not remove the photograph from the post because it was "being used for the purposes of commentary or criticism" and, therefore, constituted fair use under 17 U.S.C. § 107. Dkt. 32, ¶ 15. Plaintiff sued Facebook for copyright infringement on January 14, 2019 and amended her complaint on August 7, 2019 to add claims for contributory infringement and vicarious liability. Dkt. Nos. 1, 32.

### B. Mr. Liebowitz Falsely Certified Plaintiff's Responses to Facebook's Discovery Requests as Being Accurate, Complete, and the Result of a Reasonable Inquiry.

The parties exchanged discovery requests in April and May of 2019. Facebook served its First Set of Interrogatories and First Set of Document Requests on Plaintiff on May 16, 2019. Keyes Decl., ¶ 2. Plaintiff served Answers and Objections to Facebook's Interrogatories and Responses to Facebook's Document Requests on June 14, 2019. *Id*., ¶ 3. Both the answers to Facebook's interrogatories and responses to Facebook's requests for production of documents were signed by Richard Liebowitz on behalf of the Liebowitz Law Firm, PLLC, and dated June 14, 2019. *Id*., Ex. A and B.[4] Under the federal rules, an attorney's signature certifies "that the lawyer has made a reasonable effort to assure that the client has provided all the information and documents available to [her] that are responsive to the discovery demand." Fed. R. Civ. P. 26(g), advisory committee's note.

#### 1. Mr. Liebowitz Signed and Served Answers to Facebook's Interrogatories Without His Client Ever Seeing the Interrogatories or Verifying the Answers.

It was not until Plaintiff's August 16, 2019 deposition that Facebook learned of Mr. Liebowitz' false certification. At her deposition, Plaintiff was asked if she had seen Facebook's interrogatories directed to her, which were served on Mr. Liebowitz three months

---

[4] All exhibits are to the Keyes Decl., unless otherwise noted.

before Plaintiff's deposition. Ex. C, 38:21-39:4. Plaintiff testified that she hadn't even seen the interrogatories until mere days before her deposition. *Id.*, 39:3-12. When asked if she ever provided, reviewed, or verified the answers that Mr. Liebowitz certified two months prior, her answer was an unequivocal "no":

> Q Exhibit 5 to your deposition is a set of interrogatories, do you see that?
> A Yes.
> Q And Exhibit 5 contains a number of your answers, did you see that?
> A Yes.
> Q When was the first time you reviewed Exhibit 5? Was it earlier this week?
> A Perhaps. Yes.
> Q Other than perhaps you reviewed them this week, do you have a recollection of reviewing Exhibit 5 this week in preparation for your deposition today?
> A I did just recently see this. I just don't know what day specifically but it was within the week.
> Q Can you turn to Page 3 of Exhibit 5, if you would?
> A (Witness complies.)
> Q Do you see on Page 3 at the top it says specific answers and objections?
> A Yes.
> Q Did you provide these answers here on Page 3?
> A No.
> Q Did you go over these answers with your counsel before they were submitted to Facebook?
> A No.
> Q So I take it that you've never signed a verification with respect to the accuracy of the answers contained in Exhibit 5?
> A Correct.
> Q You were never asked to sign a verification, I take it?
> A No.
> Q. So as you sit here today, can you testify as to the accuracy of the answers in Exhibit 5?
> A No.

Ex. C, 38:21- 40:16.

Plaintiff's testimony unambiguously revealed Mr. Liebowitz' failure to do any of the following: provide Facebook's interrogatories to the individual on which they were propounded; confer with his client before answering the interrogatories on her behalf; have his client verify the answers; or to otherwise conduct any reasonable inquiry into the correctness or completeness of the interrogatory answers.

2. **Mr. Liebowitz Signed and Served Responses to Facebook's Requests for Production Without His Client Ever Seeing the Requests, Directly Resulting in a Deficient Search for and Production of Documents.**

Plaintiff's deposition also revealed that Mr. Liebowitz signed and served Plaintiff's responses to Facebook's requests for production without even showing those requests to his client. At her deposition, Plaintiff was asked if she had seen Facebook's requests for production of documents, which were served on Mr. Liebowitz three months before the deposition. Ex. C, 21:11-17. Plaintiff responded that she had seen Facebook's requests for production, for the very first time, the day before her deposition. *Id.*, 22:12-19. Plaintiff's responses to the document requests were signed by Mr. Liebowitz and served on Facebook two months before Plaintiff had even seen the requests for the first time. Plaintiff's testimony also showed that Mr. Liebowitz' failure to provide her with Facebook's document requests resulted in an inadequate and incomplete search for and production of documents - which took place the day before Plaintiff's deposition:

> Q So Exhibit 3 is a request for production of documents. You see that?
> A Yes.
> Q It requests production of certain documents that were relevant or germane to the lawsuit. You understand that?
> A Yes.
> Q And I asked you if you produced documents pursuant to Exhibit 3, those requests, and you said yes, "some"?
> A Well, I'm not sure because I just read this yesterday. I just got this yesterday.
> Q Before you read that yesterday, had you ever reviewed it prior to that?
> A No.
> Q And did you -- I don't want to know about the substance of your discussion, but did you ever speak with Mr. Liebowitz or anybody at Mr. Liebowitz's firm about Exhibit 3?
> A No.
> Q So is it fair to say that, Ms. Pierson, you're not sure what documents, if any, were produced pursuant to Exhibit 3?
> A Yes.

Ex. C, 22:5-23:4.

Plaintiff later testified to having responsive documents that she did not turn over. When asked why she withheld responsive documents, she testified, "*I just got the request yesterday*, so

-10-

I didn't have time to go through all the records." *Id.*, 25:8-9 (emphasis supplied). "Yesterday" was in reference to August 15, 2019, two months after Mr. Liebowitz signed and served Plaintiff's responses to Facebook's document requests.

Plaintiff's deposition was taken on August 16, 2019, without the benefit of her providing answers to interrogatories, or making a reasonably diligent search for responsive documents pursuant to Facebook's requests. By Plaintiff's own admission, she had only produced "some" of the documents responsive to Facebook's document requests. Ex. C, 21:23-23:4.

### III.   ARGUMENT

Plaintiff's deposition revealed that the answers and responses to Facebook's interrogatories and document requests – which were signed and certified by Mr. Liebowitz as being reasonably complete and accurate – were served on Facebook even though Plaintiff had not: 1) seen the requests; 2) consulted with her attorney about their meaning; or 3) provided the information and documents available to her that were responsive to the discovery.

#### A.   **Legal Standard for Sanctions under Fed. R. Civ. P. 26(g).**

Rule 26(g) requires that "[e]very disclosure under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name." Fed. R. Civ. P. 26(g)(1). By signing a response to a discovery request, an attorney certifies that to the best of her "knowledge, information, and belief formed after a reasonable inquiry," the response is (1) consistent with the Federal Rules of Civil Procedure and justified under existing law; (2) not interposed for any improper purpose, such as to unnecessarily delay or needlessly increase the costs of litigation; and (3) reasonable given the importance of the issue and the circumstances of the case. *Id.*; *Kiobel v. Royal Dutch Petroleum Co.*, 2009 US Dist. LEXIS 55185, at *7-8 [SDNY June 25, 2009].

An attorney's inquiry is reasonable and satisfies Rule 26(g) only if the inquiry, including the investigation into the factual basis of the responses, was objectively reasonable under the circumstances. *Id.*; Fed. R. Civ. P. 26(g) advisory committee's note. The signature of a lawyer on a discovery response "certifies that the lawyer has made a reasonable effort to assure that the client has provided all the information and documents available to [her] that are responsive to the discovery demand." *Id.*

Rule 26(g) is intended to deter and curb discovery abuses, including evasive responses, by "explicitly encouraging the imposition of sanctions." Fed. R. Civ. P. 26 advisory committee's note. If an attorney's certification violates Rule 26(g), without there being substantial justification for the violation, a court on motion or on its own, "must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both." *Shim-Larkin v. New York*, 2019 US Dist. LEXIS 19245, at *25-26 [SDNY Feb. 5, 2019, No. 16-CV-6099 (AJN)(KNF)]. The party moving for sanctions under 26(g) is under no obligation to establish prejudice, as the party opposing sanction bears the burden of showing that its conduct was substantially justified or harmless. *Markey v Lapolla Indus.*, 2015 US Dist LEXIS 112915, at *67 [EDNY Aug. 25, 2015, No. CV 12-4622 (JS) (AKT)].

While Rule 26(g) parallels Rule 11 in imposing an objective standard of reasonableness, "Rule 26(g) imposes a more stringent certification requirement than Rule 11." *Apex Oil Co. v. Belcher Co. of NY*, 855 F2d 1009, 1015 [2d Cir 1988].

> B. **Mr. Liebowitz Violated Rule 26(g) By Certifying His Client's Discovery Responses as Accurate and Complete When, In Fact, He Failed to Undertake Any Reasonable Inquiry Into Their Accuracy or Completeness.**

Mr. Liebowitz signed Plaintiff's answers to Facebook's interrogatories and Plaintiff's responses to Facebook's document requests, thereby certifying that a reasonable inquiry into the completeness and correctness of the answers and responses was made by him and his client.

However, Plaintiff's sworn deposition testimony shows that neither Mr. Liebowitz nor his client undertook an objectively reasonable inquiry prior to certification.

The objective unreasonableness of Plaintiff's discovery answers and responses is based on several key facts.  First, Plaintiff testified that she did not read the interrogatories or requests for production prior to serving her responses.  Failing to even deliver Facebook's discovery demands on the person to which they are directed is patently unreasonable.  A reasonable inquiry would have required, at a minimum, a reasonable effort to distribute the discovery requests to Plaintiff for her review.  *Metro. Opera Assn. v. Local 100, Hotel Emples. & Rest. Emples. Intl. Union*, 212 FRD 178, 221-228 [SDNY 2003] (stating that a reasonable inquiry requires, at a minimum, that an attorney distribute discovery requests to those potentially possessing responsive information and explain to its client what types of information would be relevant and responsive to the document requests).

Second, Plaintiff never reviewed her discovery answers or responses with her attorney and could not confirm if they were complete or correct.  If Plaintiff could not confirm the accuracy, completeness, or factual basis for the discovery responses directed to her, Mr. Liebowitz certainly could not certify that he or his client made a reasonable inquiry into the substance of her responses. *Kiobel*, 2009 US Dist. LEXIS 55185, at *11-12 (it would be unreasonable and a violation of Rule 26(g) if a plaintiff filed interrogatory responses stating the extent of that person's knowledge if plaintiff's counsel did not first communicate with that individual about the substance of his personal knowledge).  It was Mr. Liebowitz' obligation to review the discovery requests with his client, and ensure that reasonable efforts were undertaken to provide responsive information and documents.  By not even showing his client the requests, or discussing them with her, Mr. Liebowitz utterly failed his discovery obligations, and his signature certifying otherwise violated Rule 26(g).

Finally, Mr. Liebowitz never conducted a reasonable inquiry into the substance of the discovery answers and responses because he never reviewed the discovery requests with Plaintiff so she could understand what they were requesting, nor did he diligently supervise her search for production of documents. *Markey*, 2015 US Dist. LEXIS 112915, at *64 (no reasonable inquiry into discovery responses where attorney did not "review the document requests with Plaintiffs themselves, [or] diligently supervise Plaintiffs' production.").

Each of the above discovery abuses constitutes an independent failure to conduct a reasonable inquiry into the basis of Plaintiff's discovery answers and responses. By certifying that a reasonable inquiry had been undertaken, when it had not been, Mr. Liebowitz violated Fed. R. Civ. P. 26(g). *Shim-Larkin*, 2019 US Dist. LEXIS 19245, at *33-34.

We expect Mr. Liebowitz to claim here, as he has done in numerous other oppositions to sanctions motions, that Facebook has not shown prejudice, and that this motion is fishing for sanctions in an effort to avoid the merits. These claims have no place here. First, neither Plaintiff nor her attorney have provided any substantial justification for the violations of Rule 26(g), and they cannot do so. Plaintiff's counsel never requested an extension to serve discovery responses or indicated that the responses were incomplete. Instead, Plaintiff's attorney certified and served patently inadequate discovery responses on Facebook without a second thought and in violation of Rule 26(g). *See Metro. Opera Ass'n.*, 212 FRD at 219 ("Rule 26(g) imposes on counsel an affirmative duty to engage in pretrial discovery responsibly" and to "stop and think about the legitimacy of a discovery request, a response thereto, or an objection."). While the violation occurred when the responses were signed and served on June 14, Mr. Liebowitz failed to even attempt to mitigate the fallout of his misconduct in the following two months until the eve of his client's deposition.

Second, Mr. Liebowitz' violations were not harmless.  As a result of his willful violations, Facebook was forced to take Plaintiff's deposition without the benefit of receiving complete, accurate, or verified interrogatory responses.  In fact, Plaintiff's testimony showed that she never saw the interrogatory answer that Mr. Liebowitz drafted for her, she never reviewed their substance with Mr. Liebowitz, she did not verify the answers, and she could not testify as to the accuracy of "her" answers to Facebook's interrogatories.  Ex. C, 38:21-40:16.

Third, Mr. Liebowitz' failure to conduct or oversee a reasonable search for documents resulted in an inadequate production of relevant documents.  As Plaintiff made clear during her deposition, only "some" relevant documents were produced because she had only seen the requests for production the day before her deposition.  Ex. C, 22:5-23:4.  Facebook was prejudiced by taking the Plaintiff's deposition without the benefit of having complete and accurate interrogatory responses and without examining responsive documents that should have been produced prior to the deposition.  Plaintiff had an obligation to conduct reasonable research into and disclose documents and information responsive to Facebook's discovery requests.  Mr. Liebowitz' signature on the discovery responses was a false certification that such reasonable inquiry had taken place, and was only revealed after much effort and money was squandered.  *See Dacosta v City of NY*, 296 F Supp. 3d 569, 595 [EDNY 2017] ("Discovery is not supposed to be a shell game, where the hidden ball is moved round and round and only revealed after so many false guesses are made and so much money is squandered.") (citing *Lee v. Max International, LLC*, 638 F.3d 1318 [10th Cir.2011]).

## IV.   CONCLUSION

As shocking as Mr. Liebowitz' record is, Facebook is not moving for sanctions based on his misconduct in other cases, but rather on his patent misconduct here.  Facebook does, however, request this Court consider Mr. Liebowitz' history of abuse in fashioning the type and amount of

sanctions imposed, as it is abundantly clear that past sanctions have not deterred Mr. Liebowitz' inappropriate conduct.

For the reasons outlined above, Facebook respectfully requests that the Court grant an order imposing sanctions on Mr. Liebowitz and the Liebowitz Law Firm, which include Facebook's attorneys' fees and costs associated with the violation, including its fees for bringing this motion, and pecuniary sanctions in the amount of $12,500, or an amount this Court deems appropriate.

Dated: October 15, 2019

**DORSEY & WHITNEY LLP**

*/s/ J. Michael Keyes*
J. MICHAEL KEYES (JK-6504)
BRIAN J. JANURA (*pro hac vice*)
Columbia Center
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
(206) 903-8800
keyes.mike@dorsey.com
janura.brian@dorsey.com

FARA S. SUNDERJI (FS-1208)
51 West 52nd Street
New York, NY 10019
(212) 415-9200
sunderji.fara@dorsey.com
Attorneys for Defendant
FACEBOOK, INC.

-17-

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon all counsel of record this 15th day of October, 2019 via the Court's CM/ECF system.

<u>/s/ J. Michael Keyes</u><br>
J. Michael Keyes