# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KRISTEN PIERSON<br><br>　　　　　　　　　　Plaintiff,<br><br>- against –<br><br><br>FACEBOOK, INC.<br><br>　　　　　　　　　　Defendant. | Case No 1:19-CV-00397-PKC |

**PLAINTIFF KRISTEN PIERSON'S ANSWERS AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Kristen Pierson ("Plaintiff"), by its counsel, Liebowitz Law Firm, PLLC, hereby answers and objects to Facebook Inc.'s First Set of Interrogatories (the "Interrogatories," and each individually, a "Interrogatory") as follows:

**GENERAL OBJECTIONS**

Plaintiff makes the following General Objections to the Interrogatories. These General Objections apply to each of the Interrogatories, set forth immediately below, and are incorporated therein by reference. The Specific Objections, even if the same or similar, do not waive the General Objections. Answering any Specific Interrogatory shall not be construed as an admission that the Defendant is entitled to any response more specific than provided:

　　　　1.　　　　Plaintiff objects to Instructions, Definitions, and Interrogatories that impose duties or obligations beyond, or inconsistent with, those set forth in Local Rules and the Federal Rules.

1

2. Plaintiff objects to the extent the Interrogatories seek information outside the scope of this proceeding. To the extent that the information sought is not relevant nor proportional to the needs of the case, the Plaintiff objects. Similarly, if the interrogatory is vague, ambiguous, the Plaintiff objects.

3. Plaintiff objects to Interrogatories to the extent they seek information that is not within Plaintiff's possession, custody or control.

4. Plaintiff objects to the extent the information sought is already in Defendant's, or third party's possession, custody or control, or is publicly available.

5. Plaintiff objects to the extent the information is duplicative or redundant and the burden of deriving and ascertaining the answers is the same or similar for the Defendant as for the Plaintiff.

6. Plaintiff objects to the extent information sought is protected by attorney-client privilege, work-product doctrine. Inadvertent disclosure thereof will not waive the privilege or similar protection from discovery.

7. Plaintiff objects to the extent the information sought is subject to confidentiality duty to a non-party.

8. Plaintiff objects to the extent information sought assumes disputed facts and legal conclusions.

9. In answering, the Plaintiff does not waive and expressly reserves all objections.

10. The answers are based on Plaintiff's current knowledge and best efforts to secure the information sought. Plaintiff reserves the right to supplement the information.

## SPECIFIC ANSWERS AND OBJECTIONS

Interrogatory No. 1.: *Identify each person with knowledge concerning the registration of the Photograph described in paragraph 9 of the Complaint.*

**Answer to Interrogatory No. 1**: Plaintiff.

Interrogatory No. 2. *Identify the existence, custodian, location and general description of any documents related to the registration of the Photograph described in paragraph 9 of the Complaint.*

**Answer to Interrogatory No. 2**: Plaintiff (via counsel), U.S. Copyright Office.

Interrogatory No. 3. *Identify each person with knowledge concerning any rights, titles, license, or interests in and to the Photograph, including any copyright.*

**Answer to Interrogatory No. 3:** Plaintiff.

Interrogatory No. 4: *Identify the existence, custodian, location and general description of any documents related to any rights, titles, license, or interests in and to the Photograph, including any copyright.*

**Response to Interrogatory No. 4**: Plaintiff (via counsel), U.S. Copyright Office (photograph at issue, copyright application, copyright registration certificate, deposit copies, email between Plaintiff and Robert Nardolillo, correspondence between Plaintiff and Defendant).

Interrogatory No. 5: *Identify each person with knowledge concerning any licenses, royalties, payments, commissions, or other revenue received or generated from the Photograph.*

**Response to Interrogatory No. 5**: Plaintiff (via counsel), Robert Nardolillo (address unknown)

Interrogatory No. 6: *Identify the existence, custodian, location and general description of any documents related to any licenses, royalties, payments, commissions, or other revenue you received or generated relating to the Photograph*

.**Response to Interrogatory No. 6**: Plaintiff (via counsel), U.S. Copyright Office (photograph at issue, copyright application, copyright registration certificate, deposit copies, email between Plaintiff and Robert Nardolillo, correspondence between Plaintiff and Defendant).

3

Interrogatory No. 7:  *Identify each person with knowledge concerning your permission or consent for the Photograph to be reproduced, publicly displayed, or being used in print, electronic media, or posted on the Website.*

**Response to Interrogatory No. 7**: Plaintiff (via counsel), Robert Nardolillo (address unknown)

Interrogatory No. 8:  *Identify the existence, custodian, location and general description of any documents related to your permission or consent for the Photograph to be reproduced, publicly displayed, or being used in print, electronic media, or posted on the Website.*

**Response to Interrogatory No. 8**: None because Defendant was not authorized to republish the Photograph on the Website.

Interrogatory No. 9:  *Identify each person with knowledge concerning your lost revenue as a result of the use of the Photograph as described in paragraph 17 of the Complaint.*

**Response to Interrogatory No. 9**: Plaintiff.

Interrogatory No. 10: *Identify the existence, custodian, location and general description of any documents related to your lost revenue as a result of the use of the Photograph as described in paragraph 17 of the Complaint.*

**Response to Interrogatory No. 10**:

Interrogatory No. 11:  *Identify the existence, custodian, location and general description of any documents related to the price to purchase or license the Photograph.*

**Response to Interrogatory No. 11**:

Interrogatory No. 12:  *Identify each person with knowledge concerning the price to purchase or license the Photograph.*

**Response to Interrogatory No. 12**: Plaintiff (via counsel), Robert Nardolillo (address unknown).

Interrogatory No. 13:  *Identify each person with knowledge concerning the Plaintiff's*

4

*consideration or assessment of fair use of the Photograph on Defendant's Website.*

**Response to Interrogatory No. 13**:  Plaintiff.


Interrogatory No. 14: *Identify the existence, custodian, location and general description of any documents related to Plaintiff's consideration or assessment of fair use of the Photograph on Defendant's Website.*

**Response to Interrogatory No. 14**: Plaintiff's correspondence with Defendant.

Interrogatory No. 15: *Identify each person with knowledge concerning Plaintiff's discovery of the social media post shown in Exhibit D to the Complaint, and communications related to the discovery of the post.*

**Response to Interrogatory No. 15**: Plaintiff.

Interrogatory No. 16: *Identify the existence, custodian, location and general description of any documents related Plaintiff's discovery of the social media post shown in Exhibit D to the Complaint and Plaintiff's reaction to the post.*

**Response to Interrogatory No. 16**: Plaintiff's correspondence with Defendant.


Interrogatory No. 17: *Identify each person with knowledge concerning the first publication of the Photograph.*

**Response to Interrogatory No. 17**: Plaintiff.


Interrogatory No. 18: *Identify the existence, custodian, location and general description of any documents related to the first publication of the Photograph.*

**Response to Interrogatory No. 18**: Plaintiff (screenshots from Plaintiff's website)


Interrogatory No. 19:  *Identify the existence, custodian, location and general description of all license agreements, contracts and related documents relating to the Photograph, both past and current, including draft versions and/or unexecuted versions including, but not limited to those agreements, contracts and related documents between you and Robert Nardolillo, any entities or individuals acting on behalf of him, or any campaign or political effort to elect or endorse Robert Nardolillo.*

**Response to Interrogatory No. 19**: Plaintiff (invoice #070814-1)

Interrogatory No. 20: *Provide a computation each category of damages alleged in your Complaint.*

**Response to Interrogatory No. 20:** $30,000 in statutory damages under 17 U.S.C. § 504.

Dated: June 14, 2019

                                  LIEBOWITZ LAW FIRM, PLLC

                                  By: /s/richardliebowitz
                                        Richard P. Liebowitz
                                  11 Sunrise Plaza, Suite 305
                                  Valley Stream, NY 11580
                                  Tel: (516) 233-1660
                                  rl@LiebowitzLawFirm.com

                                  *Attorneys for Plaintiff*
                                  *Kristen Pierson*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that a true and correct copy of the foregoing PLAINTIFF KRISTEN PIERON'S ANSWERS AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES has been served via e-mail on June 14, 2019 to counsel listed below.

Fara S. Sunderji
51 West 52nd Street
New York, New York 10019
sunderji.fara@dorsey.com

J. Michael Keyes
Brian J. Janura
Columbia Center, 701 Fifth Avenue, Suite 6100
Seattle, Washington 98104
keyes.mike@dorsey.com
janura.brian@dorsey.com

*Attorneys for Defendant*

                                         By: /jameshfreeman/
                                              James H. Freeman
                                              Liebowitz Law Firm PLLC
                                              jf@liebowitzlawfirm.com