# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KRISTEN PIERSON            Plaintiff,<br><br>- against –<br><br>FACEBOOK, INC.<br><br>Defendant. | Case No.: 1:19-CV-00397-PKC |

**PLAINTIFF KIRSTEN PIERSON AND RESPONSES TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Kristen Pierson ("Plaintiff"), by her counsel, Liebowitz Law Firm, PLLC, responds as follows to Facebook, Inc.'s First Set of Requests for the Production of Documents (the "Requests," and each individually, a "Request"):

**GENERAL OBJECTIONS**

The following general objections ("General Objections") are incorporated in full into each response as if fully set forth therein, and all responses are subject to these general objections.

1. Plaintiff objects to the Definitions set forth in the Requests to the extent they seek to impose greater burdens on Plaintiff than are required by the Federal Rules of Civil Procedure.

2. Plaintiff objects to the Definitions set forth in the Requests to the extent they seek to impose greater burdens on Plaintiff than would the definitions for such terms contained in the Local Rules of the U.S. District Court for the Southern District of New York.

1

With respect to the terms "person," "SDI," "Defendant," "communication," "document(s)," "concerning," and "any," Plaintiff responds as if the Request relies only on the definition set forth in the Local Rules. With respect to the term "records," Plaintiff responds as if the term were coextensive with the term "documents." With respect to the term "relating to," Plaintiff responds as if the term were coextensive with the term "concerning."

3. Plaintiff objects to the definition of the term "produce" to the extent it requires Plaintiff to "separate such documents into categories set forth in this request." The definition is vague as the categories of "this request" are not apparent.

4. Plaintiff objects to the instructions to the extent that they purport to require Plaintiff to seek or obtain documents that are not in her possession, custody, or control.

5. Plaintiff objects to each Request to the extent it calls for documents subject to the attorney-client, work product, or other privilege. Plaintiff will list such documents dated prior to the filing of this action on a privilege log but will not produce them. Plaintiff will not identify later documents as such identification would be invasive of attorney-work product

6. Plaintiff objects to the instructions to the extent that, with respect to asserting the attorney-client privilege or work-product doctrine and producing information regarding such documents, they purport to impose burdens beyond those set forth in Local Civil Rules.

7. Plaintiff objects to each Request insofar as it is not proportional to the needs of

the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

8. Plaintiff objects to each Request to the extent it seeks information and documents that are confidential, sensitive or trade secret. To the extent Plaintiff is required to produce any such information and/or documents, it shall do so pursuant to a protective order negotiated between the parties in this proceeding.

9. Plaintiff objects to each Request that seeks the disclosure of "all" documents of a specific nature or type as posing a burden upon Plaintiff disproportionate to the needs of the case because a limited number of documents will sufficiently provide the necessary information.

10. Plaintiff objects to every Request to the extent it is not limited as to time.

11. Plaintiff objects to every request that seeks documents prior to July 2017 (or one year before the infringement). Unless specifically noted otherwise, Plaintiff generally will produce responsive documents relating to at least the time period of July 2017 until the filing of the Complaint in this action.

12. Plaintiff objects to every Request that seeks documents that are already in Defendant's custody, possession, or control, readily available to Defendant, or attainable by Defendant from public sources.

13. Plaintiff objects to the Requests insofar as they seek documents unrelated to the claims and defenses asserted in this proceeding.

14. Where Plaintiff has objected on the grounds of any of these general objections ("General Objections") or any specific objection ("Specific Objections"), it nevertheless may produce responsive documents that it considers to be sufficient for the purposes of the proceeding with respect to the subject of the Request. The fact that Plaintiff will produce such documents is not a waiver of its objections.

15. Plaintiff's responses and objections are without prejudice to, and Plaintiff does not waive any evidentiary objections relating to any Request or the response to the Request.

16. Plaintiff has not concluded its investigation of the facts relating to this case and has not completed formal discovery or preparation for trial. Accordingly, there may exist documents responsive to the Requests that Plaintiff does not yet have knowledge of or has not yet located, identified, or reviewed. All of the following responses are therefore based on such documents currently known or available to Plaintiff after a reasonable inquiry. Plaintiff reserves the right to alter, amend, or supplement its responses at any time.

17. Nothing contained in any response to any Request shall be construed as an admission by Plaintiff relative to the existence or non-existence of any documents or information, and no such response shall be construed as an admission respecting the relevance or admissibility of any document or information, or the truth or accuracy of any statement or characterization contained in any Request.

## SPECIFIC RESPONSES AND OBJECTIONS

Document Request No. 1: *All documents concerning each allegation in the Complaint.*

**Response to Document Request No. 1**: Subject to the foregoing General Objections, Plaintiff shall produce all documents in her possession responsive to Request No. 1.

Document Request No. 2: *All documents identified in, relating to, attached to or that you relied upon in drafting the Complaint.*

**Response to Document Request No. 2**: Subject to the foregoing General Objections, Plaintiff shall produce all non-privileged documents in her possession responsive to Request No. 2.

Document Request No. 3.: *All documents relating to any of your answers to Interrogatories served on you by Facebook, including but not limited to all documents referenced in, or that you referred to or relied upon in forming your answers, and all documents that support or contradict any of your answers, or any part thereof.*

**Response to Document Request No. 3**: Subject to the foregoing General Objections, Plaintiff shall produce all non-privileged documents in his possession responsive to Request No. 3.

Document Request No. 4: *All documents relating to the registration of the Photograph described in paragraph 9 of the Complaint, including but not limited to the application and any drafts, all deposit material, continuation sheets, and GR/PPh/CON forms.*

**Response to Document Request No. 4**: Plaintiff objects to Request No. 4 on grounds that any responsive documents consist of publicly available information and are therefore equally accessible to Defendant. Plaintiff further objects to Request No. 4 to the extent it asks Plaintiff to incur additional fees by requesting deposit copies from the Copyright Office and given that Defendant has equal access to the Copyright Office's records. Subject to the foregoing General and Specific Objections, Plaintiff shall produce non-privileged documents in her possession responsive to Request No. 4.

Document Request No. 5: *All documents relating to any rights, titles, license, or interests in and to the Photograph, including any of its copyrights, and any transfer(s) of these rights.*

**Response to Document Request No. 5**: Plaintiff objects to Request No. 5 on grounds that any responsive documents consist of publicly available information and are therefore equally accessible to Defendant. Plaintiff further objects to Request No. 5 to the extent it asks Plaintiff to incur additional fees by requesting deposit copies from the Copyright Office and given that Defendant has equal access to the Copyright Office's records. Subject to the foregoing General

and Specific Objections, Plaintiff shall produce non-privileged documents in her possession responsive to Request No. 5.

Document Request No. 6: *All documents relating to any licenses, royalties, payments, commissions, or other revenue you received or generated relating to the Photograph*

**Response to Document Request No. 6**: Subject to the foregoing General Objections, Plaintiff shall produce all documents in her possession responsive to Request No. 6.

Document Request No. 7: *All documents relating to your permission or consent for the Photograph to be reproduced, publicly displayed, or being used in print, electronic media, or posted on the Website.*

**Response to Document Request No. 7**: Plaintiff does not have any documents in her possession responsive to Request No. 7.

Document Request No. 8: *All documents relating to your lost revenue as a result of the use of the Photograph as described in paragraph 17 of the Complaint.*

**Response to Document Request No. 8:** Plaintiff does not have any documents in her possession responsive to Request No. 8.

Documents Request No. 9 *All documents relating to the price to purchase or license the Photograph.*

**Response to Document Request No. 9:**  Subject to the foregoing General Objections, and subject to a Protective Order, Plaintiff shall produce all documents in her possession responsive to Request No. 9.

Document Request No. 10: *All documents relating to the actual damages suffered by Plaintiff as a result of the infringement alleged in the Complaint.*

**Response to Document Request No. 10**: Subject to the foregoing General Objections, Plaintiff shall produce all documents in her possession responsive to Request No. 10.

Document Request No. 11:  *All documents relating to the first publication, sale, or offer of sale of the Photograph.*

6

**Response to Document Request No. 11**: Subject to the foregoing General Objections, Plaintiff shall produce all documents in her possession responsive to Request No. 10.

Document Request No. 12: *All documents relating to any license agreements, contracts, permissions, consents and related documents between you and Robert Nardolillo, any entities or individuals acting on behalf of him, or any campaign or political effort to elect or endorse Robert Nardolillo relating to the Photograph, both past and current, including draft versions and/or unexecuted versions.*

**Response to Document Request No. 12**: Subject to the foregoing General Objections, and subject to a Protective Order, Plaintiff shall produce all documents in her possession responsive to Request No. 12.

Document Request No. 13: *All documents relating to the creation of the Photograph, including, but not limited to agreements and communications with Robert Nardolillo, any entities or individuals acting on behalf of him, or any campaign or political effort to elect or endorse Robert Nardolillo.*

**Response to Document Request No 13:** Subject to the foregoing General Objections, and subject to a Protective Order, Plaintiff shall produce all documents in her possession responsive to Request No. 13.

Document Request No. 14: *All communications with Robert Nardolillo, any entities or individuals acting on behalf of him, or any campaign or political effort to elect or endorse Robert Nardolillo, concerning the Photograph.*

**Response to Document Request No 14:** Subject to the foregoing General Objections, Plaintiff shall produce all documents in her possession responsive to Request No. 13.

Document Request No. 15: *Documents sufficient to show that each image included in copyright registration number VA 1-926-344 was published on the date specified in the registration certificate.*

**Response to Document Request No 15:** Plaintiff objects to Request No. 15 on grounds that any responsive documents consist of publicly available information and are therefore equally accessible to Defendant. Plaintiff further objects to Request No. 15 to the extent it asks Plaintiff to incur additional fees by requesting deposit copies from the Copyright Office and given that Defendant has equal access to the Copyright Office's records. Subject to the foregoing General and Specific Objections, Plaintiff shall produce non-privileged documents in her possession responsive to Request No. 15.

Document Request No. 16: *The certificate of copyright registration number VA 1-926-344 and all documents relating to the certificate.*

**Response to Document Request No 16:** Plaintiff objects to Request No. 16 on grounds that any responsive documents consist of publicly available information and are therefore equally accessible to Defendant. Plaintiff further objects to Request No.16 to the extent it asks Plaintiff to incur additional fees by requesting deposit copies from the Copyright Office and given that Defendant has equal access to the Copyright Office's records. Subject to the foregoing General and Specific Objections, Plaintiff shall produce non-privileged documents in her possession responsive to Request No. 16.

Document Request No. 17: *All documents relating to Defendant's alleged willful, intentional, and purposeful conduct as described in paragraph 19 of the Complaint.*

**Response to Document Request No 17:** Subject to the foregoing General Objections, Plaintiff shall produce all documents in her possession responsive to Request No. 17.

Document Request No. 18: *All documents relating to Plaintiff's alleged irreparable injury described in paragraph 23 of the Complaint.*

**Response to Document Request No. 18:** Subject to the foregoing General Objections, Plaintiff shall produce all documents in her possession responsive to Request No. 18.

Document Request No. 19: *All communications with Trusted Tech Tips relating to the Photograph.*

**Response to Document Request No 19** Plaintiff does not have any documents in her possession responsive to Request No. 19.

Documents Request No. 20: *All communications relating to the social media post shown in Exhibit D to the Complaint.*

**Response to Document Request No. 20:** Subject to the foregoing General Objections, Plaintiff shall produce all documents in her possession responsive to Request No. 20.

Documents Request No. 21: *All documents relating to the validity or enforceability of your copyright in the Photograph, including all documents and communications contradicting validity or enforceability.*

**Response to Document Request No. 21:** Plaintiff objects to Request No. 21 on grounds that any responsive documents consist of publicly available information and are therefore equally

8

accessible to Defendant.  Plaintiff further objects to Request No. 21 to the extent it asks Plaintiff to incur additional fees by requesting deposit copies from the Copyright Office and given that Defendant has equal access to the Copyright Office's records.  Subject to the foregoing General and Specific Objections, Plaintiff shall produce non-privileged documents in her possession responsive to Request No. 21.

Documents Request No. 22: *All documents related to the valuation of the Photograph.*

**Response to Document Request No. 22**, Plaintiff does not have any documents in her possession responsive to Request No. 22.

Documents Request No. 23: *All documents related to any acts enforcing your copyright in the Photograph.*

**Response to Document Request No. 23:** Subject to the foregoing General Objections, Plaintiff shall produce all documents in his possession responsive to Request No. 23.

Dated:  June 14, 2019

                                              LIEBOWITZ LAW FIRM, PLLC

                                              By: /s/richardpliebowitz
                                                   Richard P. Liebowitz
                                            11 Sunrise Plaza, Suite 305
                                            Valley Stream, NY 11580
                                            Tel: (516) 233-1660
                                            rl@LiebowitzLawFirm.com

                                            *Attorneys for Plaintiff*
                                            *Kristen Pierson*

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that a true and correct copy of the foregoing PLAINTIFF KRISTEN PIERSON'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS has been served via e-mail on June 14, 2019 to counsel listed below.

Fara S. Sunderji
51 West 52nd Street
New York, New York 10019
sunderji.fara@dorsey.com

J. Michael Keyes
Brian J. Janura
Columbia Center, 701 Fifth Avenue, Suite 6100
Seattle, Washington 98104
keyes.mike@dorsey.com
janura.brian@dorsey.com
*Attorneys for Defendant*

                                            By: /jameshfreeman/
                                                  James H. Freeman, Esq.
                                                  Liebowitz Law Firm PLLC
                                                  jf@liebowitzlawfirm.com